IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN OLIN EVANS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:16CV243DAK<br><br>Judge Dale A. Kimball |

　　　　On March 17, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 seeking to vacate a sentence imposed by this court in Criminal Case No. 2:01CR603DAK.  On March 15, 2004, Petitioner previously filed a § 2255 motion to vacate his sentence in that case. This court denied his previous § 2255 motion, case no. 2:04CV242DAK, on October 12, 2005, and the Tenth Circuit affirmed that decision on May 2, 2006.  In his criminal case, on April 16, 2015, Petitioner attempted to withdraw his guilty plea and alter the terms of restitution imposed in his sentence.  On April 20, 2015, this court denied Petitioner's motion.  On March 4, 2016, the Tenth Circuit upheld the court's denial of Petitioner's motion.

　　　　"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citation omitted).  The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances

where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996). To date, Congress has granted the district courts such jurisdiction in limited instances. *See id*. at 947-48.

Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. However, a second or successive § 2255 motion is not permitted to be filed in the district court absent authorization from the court of appeals. Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also Coleman v. Unites States*, 106 F.3d 339, 341 (10th Cir. 1997).

If a movant does not obtain leave from the appropriate court of appeals before filing his successive § 2255 petition, the district court lacks subject matter jurisdiction over the claim. *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). The Tenth Circuit has held that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court

should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman*, 106 F.3d at 341.

Therefore, this court concludes that it has no subject matter jurisdiction over Petitioner's successive motion to vacate under § 2255 and that this case should be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

DATED this 30th day of March, 2016.

BY THE COURT:

_____
DALE A KIMBALL
United States District Judge